UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG KIGER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-CV-4197 |
| | ) |
| GREGG SCOTT, THOMAS REINHARDT, MATTHEW MCCULLOUGH, STA #3, AND STA #4, | ) ) ) ) |
| | ) |
| Defendants. | ) ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendant Reinhardt, a security officer at Rushville, conducted an unnecessary pat down search of Plaintiff on September 14, 2016, in a sexually harassing and demeaning manner. Defendant Reinhardt allegedly rubbed Plaintiff's body, including "squeezing and fondling Plaintiff's penis" in the middle of the dayroom, while making statements implying that Plaintiff was gay and "enjoying [Plaintiff's] roommate as [Plaintiff] did the others." (Compl. para. 9.) Defendant McCullough and two unidentified security officers watched this whole incident and failed to intervene. After, Plaintiff "complained bitterly," which allegedly led to

retaliation in the form of the confiscation of Plaintiff's DVD/VCR, gaming system, and religious DVD/CDs.  (Compl. para. 10.)

These allegations state plausible claims for an unconstitutional body search, failure to intervene to stop that unconstitutional search, and retaliation for Plaintiff's exercise of his First Amendment right to report and seek redress for the unconstitutional search.  This case will proceed to service per the standard procedures against Defendants Reinhardt, McCullough, and the two unidentified security guards.  Plaintiff will be responsible for identifying the security guards after Defendants have been served.

No claim is stated on these allegations against Defendant Scott, the facility's Director.  Scott cannot be held liable for his subordinate's constitutional violations solely because Scott is in charge.  Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  No inference arises from these allegations that Scott played any part in

the search or condoned the manner in which the search was allegedly conducted. Defendant Scott will be dismissed, without prejudice. <u>Matthews v. City of East St. Louis</u>, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is granted (2). Pursuant to a review of the Complaint, the Court finds that Plaintiff states federal constitutional claims for an unconstitutional body search, the failure to intervene to stop that unconstitutional search, and for retaliation for Plaintiff's exercise of his First Amendment right to report and seek redress for the unconstitutional search. This case proceeds solely on the claims identified in this paragraph against Defendants Reinhardt, McCullough, STA #3, and STA #4. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.   Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    7.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  1/10/2017

FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE